**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREW GROSS III,

        Petitioner,

v.                                                    Case No. 2:06-CV-11194

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR BAIL OR RELEASE ON PERSONAL RECOGNIZANCE**

**I. INTRODUCTION**

Petitioner Andrew Gross III, a federal prisoner incarcerated at the Federal Correctional Institution in Terre Haute, Indiana, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a motion for bail or release on personal recognizance.[1] Petitioner is currently serving a 120-month sentence based upon his guilty plea to one count of violating 18 U.S.C. § 513 (counterfeit securities), which was entered in this court before the Honorable Bernard A. Friedman. *See United States of America v. Andrew Gross*, 02-CR-80163-DT (amended judgment of sentence filed on March 6, 2006). Petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit as to the amended judgment on May 16, 2006.

In his present pleadings, Petitioner asserts that he is entitled to habeas relief in the form of a sentence reduction based upon amendments to the Federal Sentencing Guidelines. For the reasons stated below, the habeas petition filed pursuant to 28

---

[1] At the time he instituted this action, Petitioner was confined at the Wayne County Jail in Detroit, Michigan.

U.S.C. § 2241 is dismissed and the motion for bail or release on personal recognizance is denied.

## II. DISCUSSION

This Court must dismiss the petition for writ of habeas corpus because Petitioner's appeal of his amended judgment of sentence is currently pending before the United States Court of Appeals for the Sixth Circuit. A district court should not entertain a habeas petition while an appeal is pending in the Court of Appeals or in the United States Supreme Court. See *Feldman v. Henman*, 815 F. 2d 1318, 1320 (9th Cir. 1987); see also *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998).

Additionally, Petitioner has instituted this action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. However, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Capaldi*, 135 F.3d at 1123. Petitioner's claims regarding his sentence and the application of the Federal Sentencing Guidelines involve a challenge to the imposition, as opposed to the execution of, his sentence and therefore should be brought as a § 2255 motion to vacate rather than a § 2241 habeas petition. See *Genoa v. Hemingway,* 14 Fed. Appx. 300, 301 (6th Cir. 2001) (petitioner challenged the imposition, as opposed to the execution of, his sentence when he disputed the sentencing guidelines); *Moses v. Tippy,* 868 F. Supp. 469, 470-471 (N.D. N.Y. 1994).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is

not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758; *Phillips v. Booker*, 76 F. Supp. 2d 1183, 1187 (D. Kan. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Petitioner has not shown that his remedy under § 2255 is inadequate or ineffective.

The only circumstance in which the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when the petition states a facially valid claim for actual innocence. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Petitioner has made no such showing. Because Petitioner has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, the court will dismiss the instant petition.

## IV.  CONCLUSION

Based upon the foregoing analysis, the court concludes that Petitioner is challenging the constitutionality of his federal criminal sentence, that an appeal is currently pending as to that sentence, and that he has not established that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Dkt. #1] is DISMISSED.  Given this determination, IT IS FURTHER ORDERED that the motion for bail or release on personal recognizance [Dkt. #2] is DENIED.

Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *King v. United States*, 124 F.3d 198, 1997 WL 580776, *2 (6th Cir. 1997) (unpublished), Petitioner need not apply for one with this court or with the Sixth Circuit before seeking to appeal this decision.  This case is closed.

IT IS SO ORDERED.

  S/Robert H. Cleland  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2006, by electronic and/or ordinary mail.

  S/Lisa Wagner  
Case Manager and Deputy Clerk
(313) 234-5522